THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| HARTWIG TRANSIT, INC., | ) | Case No. 14 B 3843 |
| | ) | |
| Debtor. | ) | Hon. Donald R. Cassling |
| | ) | |
| | ) | Hearing Date & Time: |
| | ) | May 26, 2015 at 9:30 a.m. |

## NOTICE OF MOTION

TO:   See Attached Service List

**PLEASE TAKE NOTICE THAT** on May 26, 2015, at 9:30 a.m., I shall appear before the Honorable Donald R. Cassling, or any other judge sitting in his stead, in Room 619, 219 South Dearborn Street, Chicago, Illinois, and request a hearing on Debtor's Attorneys' Application for Allowance of Final Compensation and Reimbursement of Costs and Expenses, a copy of which is attached hereto and thereby served upon you.

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and APPLICATION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 30th day of April 2015.

/s/ Gregory K. Stern
Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel D. Stern (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

# SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick Layng, United States Trustee
219 South Dearborn Street
Room 873
Chicago, Illinois 60604

Jeffrey D. Ganz, Esq.
Riemer & Braunstein LLP
71 South Wacker Drive
Suite 3515
Chicago, Illinois 60606

W. Kent Carter, Esq.
Clark Hill PLC
150 North Michigan Avenue, Suite 2700
Chicago, Illinois 60601

Daniel F Konicek, Esq.
Konicek & Dillon PC
21 West State Street
Geneva, Illinois 60134

Thomas V. Askounis
Amrit S. Papai
Askounis & Darcy, P.C.
444 North Michigan Avenue, Suite 3270
Chicago, Illinois 60611

William D. Brejcha
Scopelitis Garvin Light Hanson & Feary, PC
30 West Monroe Street
Chicago, Illinois 60603

**Parties Served U.S. Mail**

Hartwig Transit, Inc.
2822 Industrial Avenue
Rolling Meadows, Illinois 60008

THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| HARTWIG TRANSIT, INC., | ) | Case No. 14 B 3843 |
| | ) | |
| Debtor. | ) | Hon. Donald R. Cassling |
| | ) | |
| | ) | Hearing Date & Time: |
| | ) | May 26, 2015 at 9:30 a.m. |

**DEBTOR'S ATTORNEYS' APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF COSTS AND EXPENSES**

Now Comes Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid and Rachel D. Stern of Gregory K. Stern, P.C. (the "Attorneys"), attorneys for Hartwig Transit, Inc. as Debtor and Debtor in Possession ("Hartwig" or "Debtor") in this Chapter 11 case, and, pursuant to § 330 of the Bankruptcy Code, request that this Court enter an order allowing final compensation of $252,093.50 for 572.10 hours of professional services rendered to the Debtor in Possession and reimbursement of costs and expenses in the amount of $6,189.58 and authorizing payment of the unpaid balance of allowed compensation and reimbursement of costs and expenses totaling $131,300.46, and, in support thereof, state as follows:

1.      On February 7, 2014, Hartwig Transit, Inc. filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code.  The Debtor is authorized to operate its business as Debtor in Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code; and. no trustee has been appointed in this case.

2.      On January 20, 2015, the Debtor's Second Amended Plan of Reorganization was confirmed.

3.      The Debtor has paid all quarterly fees due to date to the United States Trustee.

4.      The Debtor has filed all monthly operating reports due prior to confirmation.

1

5. In accordance with Bankruptcy Rule 2002, notice of this Application has been sent to all parties on the service list, including the United States Trustee, all creditors and parties in interest.

6. On or about March 11, 2014, the Court entered an *Order Authorizing Employment of Attorneys*.

7. Prior to filing the Attorneys received payment of an advance payment minimum fee in the amount of $30,000.00.

8. The rates at which the Attorneys seek compensation are their usual and customary hourly rates charged for bankruptcy work of this nature, performed for other clients.

9. On September 3, 2014, the Attorneys filed their First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "First Application") (Docket No. 135) and Time Sheets reflecting 316.50 hours of professional services rendered January 8, 2014 through August 31, 2014 (the "First Time Sheets) (Docket No. 135-1) which are incorporated by reference herein; and, on October 8, 2014, an Order Allowing Interim Compensation and Reimbursement of Costs and Expenses was entered (Docket No. 170) awarding $125,463.00 to Counsel for 287.60[1] hours of professional services rendered and $1,519.62 for costs expended from February 7, 2014, through August 31, 2014, and, the unpaid balance of the allowed compensation and reimbursement of costs and expenses sought in the First Application is $12,176.63.

10. The Attorneys have expended an additional 284.50 hours of professional services from September 1, 2014 through April 30, 2015, for which compensation in the amount of $126,630.50 and reimbursement of costs and expenses in the amount of $4,669.96 are sought, as is more fully set forth in the Time Sheets (the "Second Time Sheets") attached hereto and made a part hereof.

11. The professional services rendered from February 7, 2014 through April 30, 2015 have

---

[1] Services provided pre petition were eliminated and are not included in the compensation allowed

2

been separated into six (6) service categories, for the purposes of summarizing with specificity the services rendered on behalf of the Debtors in Possession and the benefit of the estate. These service categories and the professional time spent within each category are as follows:

| SERVICE CATEGORY | HOURS |
|---|---|
| A. General Case Administration | 55.40 |
| B. Cash Collateral and Adequate Protection | 112.80 |
| C. Claims Investigation and Review | 52.50 |
| D. Lease Review and Negotiations | 6.20 |
| E. Plan and Disclosure Statement | 315.30 |
| F. Professionals | 29.90 |
| **TOTAL:** | **572.10** |

12. The professional services were rendered within the service categories as follows:

A. **General Case Administration** – This service category involved 55.40 hours of services (First Time Sheets, pages 1 – 13, Second Time Sheets pages 1 - 6) that generally includes the following: **1)** Meetings, teleconferences and correspondence with Debtor's management, Gerald Hartwig ("GH"), Steven Hartwig ("SH"), Kevin Wickwire ("KW") and special counsel, Nancy Carlson ("NC") regarding representation of the Debtor in Possession, books, records and information required, Debtor in Possession operations, Operating Instructions and Reporting Requirements, operating reports, monthly preparation of same, DIP accounts, insurance, payment of U.S. Trustee statutory fees, case status, notices, case goals and strategy, Chapter 11 Schedules and Statement of Financial Affairs, case disclosures, meeting of creditors; and communications with parties in interest; **2)** Meetings, teleconferences and correspondence with the U.S. Trustee's office regarding case filing, operating reports, trustee's quarterly fees and case administration; **3)** Meetings, teleconferences and correspondence with creditors and creditors' attorneys regarding Chapter 11 case; **4)** Investigating Debtor's assets and liabilities and reviewing documentation relating to same, Debtor's insurance, insurance claims and dip accounts; **5)** Meetings teleconferences and communications with Margaret Hunn, accountant, regarding books, records, financial statements, dip operations and other related matters; **6)** Drafting Petition, Schedules of Twenty Largest Unsecured Creditors, Chapter 11 Schedules, Statement of Financial Affairs, amendments and miscellaneous documents; **7)** Representation at initial debtor interview, meeting of creditors and meetings with U.S.

3

Trustee; **8)** Services relating to operating reports and other reporting requirements; **9)** Communications with appraisers and secured creditor's attorney regarding appraisals of rolling stock; **10)** Court appearances relating to stay modification motions of secured creditors; **11)** Organizing and maintaining Debtor's files; and, **12)** General case administration matters.

B.   **Cash Collateral and Adequate Protection -** This service category involved 112.80 hours of services (First Time Sheets, pages 14 – 31, Second Time Sheets pages 7 – 13) relating to Debtor's efforts to negotiate the consensual use of cash collateral with its primary secured creditor, RBS. Debtor and RBS have engaged in ongoing communications regarding cash collateral, Debtor's budgets in support thereof, financial information and statements and the Debtor has been permitted the use of cash collateral on an interim basis.

The services rendered in this service category generally included the following: **1)** Reviewing loan documents and UCC filings; **2)** Teleconferences, communications and meetings with secured creditor's attorneys regarding cash collateral budgets, budget reconciliations with actual usage, adequate protection payments, objections to use of cash collateral, financial information and statements, extensive negotiations relating to use of cash collateral and hearings on use of cash collateral; **3)** Drafting Motion to Use Cash Collateral, Notice and Orders; **4)** Teleconferences, meetings and communications with GH, SH and NC regarding accounts receivable, business operations, DIP budget, cash collateral hearings and adequate protection payments; and, **5)** Preparing for and representation of Debtor at cash collateral hearings.

C.   **Claims Investigation and Review** – This service category involved 52.50 hours of services (First Time Sheets, pages 32 – 36, Second Time Sheets pages 14 - 18) involving services related to claims against the Debtor that included the following: **1)** Reviewing creditor proofs of claim and supporting documentation; **2)** Communications with Debtor's management relating to creditor claims and objections to claims; **3)** Communications with creditor and creditor's attorneys regarding Chapter 11 filing and creditor claims; **4)** Drafting Motion to Set Claims Bar Date, Notices, Order, Certificate of Service and Service List; **5)** Communications with attorneys involved in personal injury, wrongful death action and employee related proceedings against the Debtor to Modify Stay relating to personal injury and wrongful

4

death actions; **6)** Investigation of employee wage claim and lawsuit, research relating to employee wage claim and liability of corporate officers, communications with employee's attorney relating to wage claim and corporate officers responsibility for same; **7)** Drafting Claim Objections, Notices and Orders; – Representation at hearings on claim objections; and, 8) Teleconference with creditor attorneys regarding claim objections and resolution of claim objections.

   D. **Lease Review and Negotiations -** This service category involved 6.20 hours of services (First Time Sheets, pages 38 – 39) and included: **1)** Reviewing Debtor's real and personal property leases and contracts; and, **2)** Teleconferences and communications with Debtor's management related to leases and effect of bankruptcy.

   E. **Plan and Disclosure Statement** - This service category involved 315.30 hours of services (First Time Sheets, pages 40 – 55, Second Time Sheets pages 20 - 50) related to the Debtor's obligation to draft a Plan of Reorganization and Disclosure Statement that included: **1)** Communications with Debtor's management and special counsel discussing terms and provisions of drafts of Plan of Reorganization and Disclosure Statement; cash flow projections, consolidated financial statements, compliance with terms and provisions of confirmed Plan and all matters relating to the Plan and Disclosure Statement; **2)** Drafting Plan of Reorganization, Disclosure Statement, Liquidation Analysis and amendments thereto; **3)** Representation of Debtor at Plan status hearings, hearings on adequacy of disclosure statement and confirmation; **4)** Counseling Debtor's management on all plan related issues; **5)** Communications and extensive negotiations with RBS attorneys and representatives regarding plan treatment, confirmation and plan compliance; and, 6) Communications with creditors and attorneys regarding plan treatment, confirmation and plan compliance.

   F. **Professionals -** This service category involved 29.90 hours of services (First Time Sheets, pages 56 - 58, Second Time Sheets pages 51 - 52) that included: **1)** Drafting Application to Employ Counsel, Application to Employ Accountants, Application to Employ Appraisers, Application to Employ Special Counsel, Affidavits, Notices and Orders; **2)** Communications with accountant, appraiser and special counsel regarding scope of services required and terms of employment; Court – Representation at hearings on Applications to Employ Attorneys, Accountants and Special Counsel and Applications for

5

Compensation; **3)** Reviewing, organizing and finalizing time sheets; and, **4)** Draft First Application for Allowance of Interim Compensation, Application for Allowance of Final Compensation, Notices and Orders.

13. All of the professional services performed were actual and necessary for the proper representation of the Debtor as Chapter 11 Debtor in Possession and in furtherance of the Debtor's reorganization; and, as such, all of the services rendered were authorized pursuant to the Court's March 11, 2014 Order Authorizing Employment Of Attorneys and benefited the estate culminating in confirmation of Debtor's Second Amended Plan of Reorganization on January 20, 2015. The Second Amended Plan of Reorganization provides, *inter alia*, for the restructuring and compromise of RBS' secured claim in the amount of $4,650,342.43 for $1,500,000.00 payable, in full, with interest over a sixty (60) month repayment term and unsecured debt aggregating approximately $1,861,210.50 payable from a fund of $240,000.00 over a four year term.

14. There has been no duplication of services by Monica C. O'Brien, Rachel S. Sandler, Dennis E. Quaid or Gregory K. Stern. Mr. Stern oversaw and supervised all aspects of the case and all attorney services performed. Generally, only one (1) attorney was assigned to a specific matter. In those instances where more than one attorney participated in any matter, such joint participation was necessary because of the complexity of the problem involved or the critical time constraints that existed. No time has been included for services that are in the nature of clerical work.

15. The value of the professional services rendered to the Debtor, as Debtor In Possession, covered by this Final Application is $252,093.50. Attorneys anticipate expending additional time beyond that included in this Final Application which shall be billed to the Reorganized Debtor directly.

16. Actual and necessary costs in the amount of $6,189.58 have been expended by Counsel. Costs include filing fees, postage, and copying charges at the rate of ten cents (.10) per copy. (First Time Sheets, page 37, Second Time Sheets, page 19)

**WHEREFORE**, Gregory K. Stern, Dennis E. Quaid, Monica C. O'Brien and Rachel D. Stern pray for entry of an Order, pursuant to § 330 of the Bankruptcy Code, allowing Gregory K. Stern, P.C. final compensation in the amount of $252,093.50 for actual and necessary professional services rendered

and reimbursement in the amount of $6,189.58 for actual and necessary costs and expenses incurred; authorizing the Debtor to pay the unpaid balance of allowed final compensation and reimbursement of costs and expenses of $131,300.46 as a priority cost of administration; and, for such other relief as this Court deems just.

                                         Respectfully submitted,

                                         By:   /s/ Gregory K. Stern
                                                  Gregory K. Stern, Esq.

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558